## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HEALTHY FUTURES OF TEXAS, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) Civil Action No. 18-CV-992 |
| v. | )<br>)<br>) |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Pursuant to Federal Rule of Civil Procedure 23(c)(1) and Local Civil Rule 23.1(b), plaintiff hereby moves for certification under Federal Rule of Civil Procedure 23(b)(2) of a class comprised of all entities awarded Teen Pregnancy Prevention Program grants by the Department of Health and Human Services (HHS) in 2015, with five-year project periods, whose grants HHS purported to terminate or "shorten," effective June 30, 2018. For the purpose of this class definition, the plaintiffs in the following actions are excluded: *Policy and Research, LLC, v. HHS*, No. 18-cv-346-KBJ (D.D.C.), *Planned Parenthood of Greater Washington and Northern Idaho v. HHS*, No. 2:18-cv-00055 (E.D. Wash.), *King County v. Azar*, No. 18-cv-00242 (W.D. Wash.), and *Healthy Teen Network v. Azar*, No. 18-cv-00468 (D. Md.). In support of this motion, plaintiff submits the accompanying (1) memorandum, (2) declarations of Dr. Janet Realini, Allison M. Zieve, and Sean M. Sherman, and (3) proposed order. Defendants have indicated that they oppose this motion.

Dated: April 27, 2018                    Respectfully submitted,

                                                     /s/ Sean M. Sherman
                                                   Sean M. Sherman (D.C. Bar No. 1046357)
                                                   Allison M. Zieve (D.C. Bar No. 424786)
                                                   Public Citizen Litigation Group
                                                   1600 20th Street NW
                                                   Washington, DC 20009
                                                   (202) 588-1000

                                                   *Counsel for Plaintiff and Proposed Class*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HEALTHY FUTURES OF TEXAS, individually and on behalf of all others similarly situated, | ) ) ) ) ) |
| Plaintiff, | ) Civil Action No. 18-CV-992 |
| v. | ) ) ) |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## MOTION FOR CLASS CERTIFICATION

Sean M. Sherman (D.C. Bar No. 1046357)
Allison M. Zieve (D.C. Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiff and Proposed Class*

April 27, 2018

# INTRODUCTION

The Teen Pregnancy Prevention Program (TPPP) is a congressionally mandated program that funds evidence-based interventions to prevent teen pregnancy. Named plaintiff Healthy Futures of Texas (HFTX) is among the recipients of 81 TPPP grants awarded by the Department of Health and Human Services (HHS) in 2015 for five-year periods, through June 2020. In May 2017, HHS informed all the grantees, in uniform fashion, that their grants would be terminated at the end of the third year, on June 30, 2018—two years ahead of schedule.

This action challenges HHS's termination of the TPPP grants as arbitrary, capricious, an abuse of discretion, and not in accordance with law under the Administrative Procedure Act (APA). Because HHS's decision to terminate the TPPP grants applies to all the grantees, plaintiff moves to certify this case as a class action under Federal Rule of Civil Procedure 23(b)(2) on behalf of themselves and the following class:

> All entities awarded Teen Pregnancy Prevention Program grants by the Department of Health and Human Services (HHS) in 2015, with five-year project periods, whose grants HHS purported to terminate or "shorten," effective June 30, 2018.

> Excluded from the class are the plaintiffs in the following actions:

> *Policy and Research, LLC, v. HHS*, No. 18-cv-346-KBJ (D.D.C.), *Planned Parenthood of Greater Washington and Northern Idaho v. HHS*, No. 2:18-cv-00055 (E.D. Wash.), *King County v. Azar*, No. 18-cv-00242 (W.D. Wash.), and *Healthy Teen Network v. Azar*, No. 18-cv-00468 (D. Md.).

Members of the class are carrying out evidence-based pregnancy prevention programs and are engaged in empirical research of new and innovative pregnancy prevention programs. Without judicial intervention, the class members' grants will all terminate prematurely on June 30, 2018, causing substantial harm to the class members and the communities they serve, and rendering their research incomplete and largely ineffectual. Further, the continuation of the grants is contingent on class members' submission and HHS's processing of non-competing continuation applications,

which HHS has represented requires two months. Because HHS has unlawfully terminated the grants, HHS is not currently accepting continuation applications.

Plaintiff therefore requests that this Court certify this case as a class action under Rules 23(a) and 23(b)(2), define the class as set forth above, and appoint Allison M. Zieve and Sean M. Sherman of Public Citizen Litigation Group as class counsel.

## BACKGROUND

### I. HHS's Award of Five-Year Grants Under the Teen Pregnancy Prevention Program

In early 2015, HHS, through its Office of Adolescent Health, issued funding opportunity announcements (FOAs) for five-year grants under the TPPP. The FOAs provided that the five-year project periods for the grants would be funded in annual increments (budget periods), and that funding for all budget periods beyond the first year of the grant would be "contingent upon the availability of funds, satisfactory progress of the project, and adequate stewardship of Federal funds." *See, e.g.*, Sherman Decl. Ex. A (Tier 2B FOA at 34). The FOAs further provided that grantees would be required to submit non-competing continuation applications in each year of the approved project period providing progress reports for the current budget period, work plans, budgets, and budget justifications for the upcoming budget period. *See, e.g.*, *id.* (Tier 2B FOA at 85). The FOAs divided the grants into two tiers: Tier 1 sought applicants for grants to replicate evidence-based programs that HHS previously determined had been proven effective, and Tier 2 sought applicants for grants to develop, replicate, refine, and test additional models and innovative strategies for preventing teenage pregnancy. *See, e.g.*, *id.* (Tier 2B FOA at 7–8).

In July 2015, HHS awarded a total of 81 five-year grants to 72 recipients to fund the two tiers of projects. *See* Sherman Decl. Ex. B (OAH Press Release, *HHS Awards Teen Pregnancy Prevention Program Grants* (July 6, 2015)). Combined, the 81 programs were designed to serve more than 1.2 million youth across 39 states over the five-year grant period. *See* OAH, *Digital*

*Town Hall on Preventing Teen Pregnancy* (May 11, 2016), https://www.hhs.gov/ash/oah/sites/default/files/digital-town-hall-webinar.PDF.

Consistent with the FOAs, the first notices of award to plaintiff and members of the proposed class stated that the "project period" would run from July 1, 2015 through June 30, 2020, and the notices provided the funding for the budget period from July 1, 2015, through June 30, 2016. *See, e.g.*, Realini Decl. ¶ 4. Ex. A. The second notices of award were for the budget period from July 1, 2016, through June 30, 2017. *See, e.g.*, *id.* ¶ 5. Ex. B. Like the 2015 notices, the 2016 notices stated that the project period was through June 30, 2020. *See, e.g.*, *id.*

## II.     HHS's Termination of All 81 TPPP Grants

In early July 2017, the Tier 1 and Tier 2 grantees received their notices of award for their third budget periods. Each notice included a sentence stating that the HHS was ending the TPPP project periods two years early, on June 30, 2018: "This award also shortens the project period to end on June 30, 2018 at the end of this budget year." *See, e.g.*, *id.* ¶ 8. Ex. C.

The decision to terminate the TPPP grants was made on a program-wide basis, not a grant-by-grant basis. Thus, on July 17, 2017, a spokesperson for the Office of the Assistant Secretary for Health confirmed in an email to a reporter that HHS was terminating the TPPP grants based on a policy preference to eliminate the program: "[T]he President's FY 2018 Budget eliminated funding for the Teen Pregnancy Prevention Program, so our grants office informed the grantees of their June 30, 2018 end date[.]" Sherman Decl. Ex. C (Megan Molteni, *Teen Pregnancy Researchers Regroup After Trump's HHS Pulls Funding*, Wired (July 19, 2017 7:00 am)). On August 17, 2017, HHS released a statement to CNN stating that the "Trump Administration, in its FY 2018 budget proposal, did not recommend continued funding for the TPP program and HHS hit the pause button on it." Sherman Decl. Ex. D (Jacqueline Howard, *Why the Trump Administration is Cutting Teen*

3

*Pregnancy Prevention Funding*, CNN (Aug. 17, 2017 8:58 am)). Likewise, in litigation over the termination, counsel for HHS has reiterated that the termination decision was not individualized. *See, e.g.*, Sherman Decl. Ex. E (Transcript of Oral Argument at 36, *Healthy Teen Network v. Azar*, No. 18-cv-468 (D. Md. argued Apr. 19, 2018) ("Yes, there were 81 grants and this similar decision was made to not issue the continuation awards.")); *id.* at 39 ("[I]t was a programmatic decision to step back and reassess the future of the program on a program-wide basis. This was not targeting any individual grantee. … This was a programmatic decision across the board."); Sherman Decl. Ex. F (Transcript of Oral Argument at 73, *Policy & Research LLC v. HHS*, No. 18-cv-346 (D.D.C. argued Apr. 18, 2018) (counsel for HHS stating that the agency "decid[ed] as a programatic [sic] matter that it would not issue continuing awards")); Sherman Decl. Ex. G (Transcript of Oral Argument at 31, *Planned Parenthood of Greater Washington and Northern Idaho v. HHS*, No. 2:18-cv-00055 (E.D. Wash. argued Apr. 24, 2018) (arguing agency action was not an "individualized determination" but was "a broader programatic [sic] determination, a broader policy change, a policy shift")); *id.* at 32 ("a programatic shift isn't a termination").

## ARGUMENT

"A principal purpose of class certification is to save the resources of both the courts and the parties by permitting an issue potentially affecting every class member to be litigated in an economical manner." *Thorpe v. District of Columbia*, 303 F.R.D. 120, 143 (D.D.C. 2014) (citing *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982)). The circumstances presented here, where several separate cases have already been litigated and numerous entities remain affected by the agency's action, is an ideal candidate for class treatment.

Rule 23(a) of the Federal Rules of Civil Procedure sets forth the formal "prerequisites" for any class action: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the

4

representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." If these prerequisites are satisfied, Rule 23(b)(2) provides that a class action "may be maintained" if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." "The proponent of the class action bears the burden of establishing that Rule 23's requirements are met." *Garza v. Hargan*, No. 17-CV-02122 (TSC), 2018 WL 1567600, at *4 (D.D.C. Mar. 30, 2018) (citation omitted), *appeal docketed*, No. 18-8003 (D.C. Cir.).

Here, the proposed class satisfies the requirements of Rule 23(a) and Rule 23(b)(2).

## I.     The Class Satisfies Rule 23(a).

### A.  The class of TPPP grantees is sufficiently numerous.

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." "There is no specific threshold that must be surpassed in order to satisfy the numerosity requirement; rather, the determination requires examination of the specific facts of each case and imposes no absolute limitations." *Taylor v. D.C. Water & Sewer Auth.*, 241 F.R.D. 33, 37 (D.D.C. 2007) (quoting *Gen. Tel. Co. v. EEOC,* 446 U.S. 318, 330, (1980)), *quoted in Garza*, 2018 WL 1567600, at *4. "Absent unique circumstances, 'numerosity is satisfied when a proposed class has at least forty members,'" *Coleman through Bunn v. District of Columbia*, 306 F.R.D. 68, 76 (D.D.C. 2015) (quoting *Richardson v. L'Oreal USA, Inc.*, 991 F.Supp.2d 181, 196 (D.D.C.2013)); *Alvarez v. Keystone Plus Constr. Corp.*, 303 F.R.D. 152, 160 (D.D.C. 2014) ("Courts in this District have generally found that the numerosity requirement is satisfied and that joinder is impracticable where a proposed class has at least forty members.") (internal quotation marks and citations omitted)). And where joinder is impracticable, courts in this district have

certified classes with fewer than forty members. *See Coleman*, 306 F.R.D. at 76 (certifying class of 34 members); *Meijer, Inc. v. Warner Chilcott Holdings Co. III, Ltd.*, 246 F.R.D. 293, 305–06 (D.D.C. 2007) (certifying class of 30 members). Smaller classes may warrant certification where the members of the proposed class are located across the United States, lack the financial resources to institute individual suits, and judicial economy would be benefitted by avoiding multiple actions. *See Coleman*, 306 F.R.D. at 80 (citing Newberg on Class Actions § 3:12 (5th ed. 2014)).

Here, the proposed class contains 62 members (the 72 grant recipients, less those who are plaintiffs in the cases listed on page 1). *See* OAH, *Current Teen Pregnancy Prevention Program (TPP) Grantees* https://www.hhs.gov/ash/oah/grant-programs/teen-pregnancy-prevention-program-tpp/current-grantees/index.html (last visited Apr. 26, 2018). These 62 members are dispersed across the United States, and include non-profit organizations that may lack financial resources to bring their own claims. And because the claims of each class member are identical, class treatment avoids an inefficient multiplicity of otherwise identical suits. *See Coleman*, 306 F.R.D. at 80.

### B. This case raises questions of law and fact common to the class.

"Rule 23(a)(2)—commonality—requires that [p]laintiffs establish that 'there are questions of law or fact common to the class.'" *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 181 (D.D.C. 2015) (quoting Fed. R. Civ. P. 23(a)(2)). This requirement is met if "[e]ven a single common question" exists, *Thorpe*, 303 F.R.D. at 145, so long as "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). As the D.C. Circuit recently explained, commonality is satisfied where there is "a uniform policy or practice that affects all class members." *Garza*, 2018 WL 1567600, at * 5 (quoting *DL v. District of Columbia*, 713 F.3d 120, 128 (D.C. Cir. 2013)).

6

Here, HHS decided to terminate all TPPP grants and provided identical statements to all members of the proposed class. *See, e.g.*, Realini Decl. ¶ 8, Ex. C. HHS has repeatedly stated that the termination was a decision common to all members of the class. *See supra* pp. 4-5. The claims of all class members turn on common questions, including whether the decision to terminate all of the TPPP grants violated HHS regulations and the APA. Notably, in litigating identical claims in the three earlier-filed cases, HHS made no arguments specific to the plaintiffs in those cases. *See* Sherman Decl. ¶ 2. Likewise, the courts' rulings in all three cases holding HHS's action unlawful did not in any way turn on findings specific to the plaintiffs in those cases. *See Healthy Teen Network v. Azar*, No. 18-cv-00468, 2018 WL 1942171 (D. Md. Apr. 25, 2018); *Planned Parenthood of Greater Wash. & N. Idaho v. HHS*, No. 2:18-cv-00055, 2018 WL 1934070 (E.D. Wash. Apr. 24, 2018); Transcript of Oral Ruling, *Policy & Research LLC v. HHS*, No. 18-cv-346 (D.D.C. Apr. 19, 2018) (Sherman Decl. Ex. H).

**C. Plaintiff's claims are typical of the claims of the class.**

To satisfy Rule 23(a)(3)'s requirement of typicality, the named plaintiff must show that its claims are "typical of the claims ... of the class." Fed. R. Civ. P. 23(a)(3). "Typicality means that the representative plaintiffs must 'possess the same interest and suffer the same injury' as the other class members." *R.I.L-R*, 80 F. Supp. 3d at 181 (citing *Falcon*, 457 U.S. at 156 (internal quotation marks and citations omitted)). This requirement is "liberally construed," and when "the named plaintiffs' claims are based on the same legal theory as the claims of the other class members, it will suffice to show that the named plaintiffs' injuries arise from the same course of conduct that gives rise to the other class members' claims." *Bynum v. District of Columbia*, 214 F.R.D. 27, 34–35 (D.D.C. 2003).

Here, the named plaintiff's claims are typical of the claims of the class. The claims of the named plaintiff and the class all arise from the same conduct by defendants: the termination of the five-year TPPP grants two years early. And the claims are based on the same legal theory: the termination violated the APA.

### D. The named plaintiff and its counsel will adequately represent the class.

Rule 23(a)(4) asks whether the named plaintiff "will fairly and adequately protect the interests of the class," an inquiry that "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). "Two criteria for determining the adequacy of representation are generally recognized: (1) the named representative must not have antagonistic or conflicting interests with the unnamed members of the class, and (2) the representative must appear able to vigorously prosecute the interests of the class through qualified counsel." *Thorpe*, 303 F.R.D. at 150 (quoting *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997) (internal quotations omitted)). "The first criterion focuses on conflicts of interest, which 'prevent named plaintiffs from satisfying the adequacy requirement only if they are fundamental to the suit and ... go to the heart of the litigation.'" *Garza*, 2018 WL 1567600, at *7 (quoting *Nat'l Veterans Legal Servs. Program v. United States*, 235 F. Supp. 3d 32, 41 (D.D.C. 2017)). "Speculative or hypothetical conflicts will not defeat the adequacy requirement." *Id.*

Here, the interests of named plaintiff HFTX are fully consistent with those of the proposed class. Like all members of the proposed class, HFTX is the recipient of a five-year TPPP grant, programmatically approved for the years July 1, 2015, through June 30, 2020. Realini Decl. ¶ 3. Like all members of the proposed class, HFTX, in July 2017, received from HHS a notice of award informing it that the project period of its TPPP grant would terminate two years early, on June 30,

2018: "This award also shortens the project period to end on June 30, 2018 at the end of this budget year." *See id.* ¶ 8, Ex. C. HHS provided no explanation for its decision. *Id.* ¶ 9. On behalf of all members of the class, HFTX seeks an order setting aside defendants' termination of the TPPP grants. *Id.* ¶ 13.

Plaintiff's counsel is also adequate. There are no conflicts of interest between members of the proposed class and counsel. Moreover, the interests of the class that are at issue here have been successfully represented on behalf of other plaintiffs in related litigation before this Court. Counsel also has considerable expertise in administrative law and APA litigation and experience in class-action litigation. Zieve Decl. ¶ 3.

## II.     The Class Satisfies Rule 23(b)(2).

Rule 23(b)(2) provides that a class action "may be maintained" if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Thorpe*, 303 F.R.D. at 151 (quoting *Wal-Mart*, 131 S. Ct. at 2557).

Here, as described above, all class members have been injured by the same HHS action and seek the same injunctive relief: an order setting aside the termination of the TPPP grants, reinstating the grants, and requiring administration of the grants by HHS in accordance with agency regulations, to the same extent and in the same manner as the grants were administered prior to the unlawful termination. Accordingly, Rule 23(b)(2) certification is appropriate here.

## CONCLUSION

This Court should grant plaintiff's motion for class certification, define the class as set forth above on pages 1–2 above, appoint HFTX as class representative, and appoint Allison M. Zieve and Sean M. Sherman of Public Citizen Litigation Group as class counsel.

9

Dated: April 27, 2018                           Respectfully submitted,

<div style="margin-left:3em">

/s/ Sean M. Sherman
Sean M. Sherman (D.C. Bar No. 1046357)
Allison M. Zieve (D.C. Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiff and Proposed Class*

</div>