UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEALTHY FUTURES OF TEXAS, individually and on behalf of all other similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>  Defendants. | Civil Action No. 1:18-cv-00992 |

## NOTICE OF DEFENDANTS' OBJECTION TO PLAINTIFF'S RELATED CASE DESIGNATIONS

Defendants respectfully submit this objection to the Notices of Designation of Related Civil Cases, Dkt. Nos. 2 & 9, submitted by Plaintiff in this action. Plaintiff asserts that this case is related to *Policy & Research LLC v. Dep't of Health & Human Servs.*, D.D.C. No. 18-cv-346-KBJ and *Choctaw Nation of Oklahoma v. Azar*, D.D.C. No. 18-cv-00971. These cases are not related within the meaning of this Court's Local Rules. This Court's merits ruling in *Policy & Research* was final and appealable by the time Plaintiff filed suit, which violates the rule that two cases can only be related when the first suit remains "pending on the merits." D.D.C. L.R. 40.5(a)(3). And both *Choctaw Nation* and *Policy & Research* involve different plaintiffs and different grants than are at issue in this case that do not arise from "the same event or transaction" or involve "common issues of fact."

### BACKGROUND

In *Policy & Research*, four plaintiffs, none of whom is a party to the present action, filed suit against the Department of Health of Human Services and the head of the agency on February 13, 2018. *Policy & Research*, Dkt. No. 1. The complaint challenged the validity of HHS's

decision not to renew plaintiffs' non-competing continuation awards under the Teen Pregnancy Prevention ("TPP") Program. The parties provided expedited summary judgment briefing and the Court conducted a hearing on April 18, 2018. On April 19, 2018, the Court announced its ruling from the bench and issued an accompanying order granting the plaintiffs' motion for summary judgment, denying defendants' cross-motion to dismiss or for summary judgment, vacating HHS's decision regarding the plaintiffs' awards, and directing the agency to "accept and process [the plaintiffs'] applications as if it had not terminated the [plaintiffs'] federal awards." Dkt. No. 19. The Court agreed to stay the effective date of the order by one week, to April 26, 2018, in order to allow time for the defendants to determine whether to appeal. *Id.*

On April 27, 2018, Plaintiff filed this action against Alex M. Azar in his capacity as the Secretary of HHS. Dkt. No. 1. Plaintiff was not a party in *Policy & Research* or in *Choctaw Nation*. Its complaint challenges HHS's decision to shorten the project period of its agreement. Plaintiff also filed a motion for a preliminary injunction alongside the complaint. Dkt. No. 3. Plaintiff submitted a "Notice of Designation of Related Civil Cases" asserting that the new case is related to the "pending" *Policy & Research* case on the grounds that the cases "involve[] common issues of fact" and "grow[] out of the same event or transaction." Dkt. No. 2. Plaintiff later submitted a second notice asserting that this case is related to *Choctaw Nation* for the same reason. Dkt. No. 9.

## DISCUSSION

The default rule in this district is that civil cases "shall be assigned to judges of this court selected at random" in the manner specified in the local rules. D.D.C. L.R. 40.3(a). This rule "guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000). "The fundamental

rationale for the general rule requiring random assignment of cases is to ensure greater public confidence in the integrity of the judicial process." *Dale v. Executive Office of the President*, 121 F. Supp. 2d 35, 37 (D.D.C. 2000).  The local rules provide an exception to the presumption of random assignment for "related cases."  L.R. 40.5.  In civil litigation, "cases are deemed related when the earliest is *still pending on the merits* in the District Court" and, as relevant here, they "involve common issues of fact" or "grow out of the same event or transaction."  D.D.C. L.R. 40.5(a)(3) (emphasis added).  Plaintiff "bears the burden of showing that the cases are related under a provision of Rule 40.5(a)(3)."  *Dale*, 121 F. Supp. 2d at 37.

Under Rule 40.5(a)(3), *Policy & Research* does not qualify as a "related case" because it is no longer "pending on the merits."  A case that is no longer pending on its merits "may not be deemed 'related'" to a new case brought by a different plaintiff.  *Boyd v. Farrin*, No. 12-cv-1893-PLF, 2012 WL 6106415, at *1 (D.D.C. Dec. 10, 2012).  The Court's April 19, 2018 order in *Policy & Research* granted the plaintiffs' summary judgment motion, denied the defendants' summary judgment motion, and vacated the agency actions that the plaintiffs had challenged.  No merits issues remained pending in *Policy & Research* for this Court to decide.  *See Sierra Club v. E.P.A.*, 292 F.3d 895, 899 (D.C. Cir. 2002) (equating "summary judgment" with a "final judgment on the merits").  Although this Court stayed the effective date of its order by one week, it did so solely to afford the Government time to evaluate whether to appeal and whether to seek a stay; it did not invite further litigation on the merits of the plaintiffs' claims.  The Court stated on the record that the April 19 order "is a final appealable order, and the parties should take that into account when evaluating their options." *Policy & Research*, 4/19 Hearing Transcript, at 23:17-18 (emphasis added). The Court's "stay prevents immediate execution of the final order,

but it does not affect the order's amenability to immediate appeal." *See Nat'l Treasury Employees Union v. Fed. Labor Relations Auth.*, 712 F.2d 669, 670 (D.C. Cir. 1983).

The April 19, 2018 order thus "completely resolved" *Policy & Research* and is final and appealable. *Keepseagle v. Glickman*, 194 F.R.D. 1 (D.D.C. 2000); *United States v. Volvo Const. Equip. AB*, 922 F. Supp. 2d 67, 69 (D.D.C. 2013) (case no longer pending on the merits after being resolved by consent decree that "does not authorize the parties to continue to litigate 'merits' issues"); *Kelly v. C.I.A.*, No. 00-CV-2498, 2002 WL 34463900, at *11 (D.D.C. Aug. 8, 2002) ("'[I]t is well established that summary judgment is a final judgment on the merits for purposes of res judicata.'") (quoting *Dicken v. Ashcroft*, 972 F.2d 231, 233 n.5 (8th Cir. 1991)). Absent such a rule, a plaintiff could wait to see if a judge of this Court issues a favorable ruling before attempting to bring their claim before the same judge.

The Court confronted a similar issue in *Burt Lake Band of Ottawa & Chippewa Indians v. Norton*, No. CIV.A.01-703(RMU), 2001 WL 1701669 (D.D.C. June 15, 2001). In that case, plaintiffs tried to relate a case filed on March 30, 2001 to a case in which "the court issued its last order … on January 16, 2001." 2001 WL 1701669, at *2. Even though the final order in the previous case required the parties to provide "certain status reports to the court," the Court concluded the earlier case "was not pending when this case was filed" and failed to meet the requirements of a "related case." *Id.* at *2 & n.1. Likewise, in this case, the Court's final merits order in *Policy & Research* was entered a week before Plaintiff filed this complaint. Because all merits issues in *Policy & Research* had been resolved at the time of filing by the Court's April 19, 2018 order, Plaintiff's complaint should not be deemed related to *Policy & Research*.

This case is also unrelated to both *Policy & Research* and *Choctaw Nation* regardless of whether the cases remain "pending on the merits." Although Plaintiff might "claim that [it has]

4

been injured by the same policies of defendant and in the same manner as were the plaintiffs in" *Policy & Research* and *Choctaw Nation*, that is not sufficient to justify an exception to the normal judicial policy of random assignment. *Keepseagle*, 194 F.R.D. at 3 (sustaining objection to related case designation based on asserted "common issues of fact" or the "same event or transaction"); *see also In re Tobacco / Governmental Health Care Costs Litig.*, 76 F. Supp. 2d 5, 9 n.5 (D.D.C. 1999) ("It is the factual, not the legal, similarities that both the MDL rules and this Court's Rules identify as controlling on the question of transfer or consolidation," citing L.R. 40.5(a)(3)).[1]  Plaintiff is not a party in either *Policy & Research* or *Choctaw Nation* and its grant is not at issue in either case. Nor are any of the plaintiffs in *Policy & Research* or *Choctaw Nation* parties to this case. Therefore, these cases do not "involve common issues of fact" or "grow out of the same event or transaction," and cannot be deemed "related" under Rule 40.5(a)(3).

## CONCLUSION

Accordingly, Defendants respectfully request that the Court sustain its objection to Plaintiff's related case designation and transfer the case to the Calendar and Case Management Committee for random reassignment.

---

[1] Indeed, in another earlier-filed case regarding the TPP Program grants, the plaintiff filed a "Notice of Pendency of Other Actions in Other Jurisdictions" to notify of the court of the three other TPP Program cases that had been filed on February 15, 2018, in three other jurisdictions (including *Policy & Research* in this court). *See King County v. Alex M. Azar II et al.*, No. 18-CV-00242-JCC (W.D. Wash.), ECF No. 16. In its notice, the plaintiff contended that "[t]hese actions involve different plaintiffs, grants, and factual circumstances." *Id.* at 2. The plaintiff further argued that "[c]oordination between the actions would also not effectuate convenience, as the particular and unique nature of each grant program and Defendants' actions with respect to each program requires its own determination."

Dated:  May 4, 2018                     Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

JESSIE K. LIU
United States Attorney

RUTH A. HARVEY
Director, Commercial Litigation Branch

JOEL McELVAIN
Assistant Branch Director, Federal Programs Branch

MICHAEL J. QUINN
Senior Litigation Counsel, Commercial Litigation Branch

/s/ *Michael J. Gerardi*
Michael J. Gerardi
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW, Room 7223
Washington, D.C. 20530
Tel: (202) 616-0680
Fax: (202) 616-8460
E-mail: michael.j.gerardi@usdoj.gov

/s/ *Jonathan E. Jacobson*
Jonathan E. Jacobson
Alicia M. Hunt
Trial Attorneys
United States Department of Justice
Civil Division, Commercial Litigation Branch
1100 L St. NW, 10th floor
Washington, D.C. 20005
Tel: (202) 353-7971
Fax: (202) 514-9163
E-mail: jonathan.e.jacobson@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2018, a true and correct copy of the foregoing was served on plaintiffs via their counsel of record through the Court's Electronic Case Filing (ECF) system.

/s/ *Michael J. Gerardi*
Michael J. Gerardi