**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| HEALTHY FUTURES OF TEXAS, individually and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., <br><br> Defendants. | Civil Action No. 1:18-cv-00992 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION FOR CLASS CERTIFICATION**

1

**INTRODUCTION**

Plaintiff's proposed mandatory class action under Fed. R. Civ. P. 23(b)(2) suffers from a glaring structural problem.  Plaintiff wants the Court to certify a class of all current Teen Pregnancy Prevention ("TPP") Program grantees, but carves out those grantees who pursued similar claims in other cases, including one case in which the parties are awaiting a final decision from the district court on the merits.  *King County v. Azar*, No. 2:18-cv-00242-JCC (W.D. Wash. filed Feb. 15, 2018).  The problem is that there are no carve-outs from a Rule 23(b)(2) class.  The remedy "must perforce affect the entire class at once," and Plaintiff's effort to permit select grantees effectively to "opt out" from the class because they chose to seek relief on their own is not consistent with the mandatory nature of a Rule 23(b)(2) class.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 361-62 (2011).  Certification of the class is therefore inappropriate here.

Moreover, even if certification were appropriate in principle, Plaintiff's proposed class definition is overbroad and imprecise, as it sweeps in entities that might not otherwise be eligible to receive continuation awards or who have chosen not to proceed with the program in light of HHS's decision to hold a recompetition.  For these reasons, the Court should deny Plaintiff's motion to certify the proposed class.

**LEGAL STANDARDS**

"To obtain class certification, a class plaintiff has the burden of showing that the requirements of Rule 23(a) are met and that the class is maintainable pursuant to one of Rule 23(b)'s subdivisions."  *Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 529 (D.C. Cir. 2006).  Because Plaintiff seeks class certification under Rule 23(b)(2), it must show that the proposed class not only meets the requirements of numerosity, commonality, typicality, and adequacy of representation, *see* Fed. R. Civ. P. 23(a), but also that Defendants "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding

1

declaratory relief is appropriate respecting the class as a whole," Fed. R. Civ. P. 23(b)(2).  The "key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them."  *Wal-Mart*, 564 U.S. at 345-46 (citation omitted).

## ARGUMENT

### I.   Certification of a Rule 23(b)(2) Class Would Interfere With Pending Litigation

A Rule 23(b)(2) class is a "mandatory class[]: The Rule provides no opportunity for … (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action."  *Wal-Mart*, 564 U.S. at 361-62.  Yet Plaintiff's proposed class definition would exclude grantees who sued before Plaintiff did:

> [A]ll entities awarded Teen Pregnancy Prevention Program grants by the Department of Health and Human Services (HHS) in 2015, with five-year project periods, whose grants HHS purported to terminate or "shorten," effective June 30, 2018.
>
> Excluded from the class are the plaintiffs in the following actions:
>
> *Policy & Research, LLC*[] *v. HHS*, No. 18-cv-00346-KBJ (D.D.C.), *Planned Parenthood of Greater Washington & Northern Idaho v. HHS*, 2:18-cv-00055 (E.D. Wash.), *King County v. Azar*, No. 18-cv-00242 (W.D. Wash.), and *Healthy Teen Network v. Azar*, No. 18-cv-00468 (D. Md.).

Pl.'s Mot for Class Cert. ("Pl.'s Mot.") at 1, ECF No. 6.

This definition would function as an opt-out mechanism.  The purpose of an opt-out is to protect putative class members from a final judgment that would prevent them "from continuing to pursue, or from later initiating, individual or class litigation regarding the subject of the class

suit."  6 William B. Rubenstein, *Newberg on Class Actions* § 18:45 (5th ed. 2014).  That is precisely what plaintiff's proposed definition does with respect to still-pending litigation.[1]

In a Rule 23(b)(2) class, a plaintiff cannot allow class members litigating similar claims in other courts to opt-out.  The "key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them."  *Wal-Mart*, 564 U.S. at 360.  Multiple courts have held that the mandatory nature of a Rule 23(b)(2) class precludes individual opt-outs.[2]  Plaintiff's creative attempt to get around the mandatory nature of a Rule 23(b)(2) class cannot be squared with *Wal-Mart* and its progeny.

Moreover, to satisfy Rule 23(b)(2), the relief Plaintiff seeks—an order directing HHS to "accept and process the non-competing continuation applications of plaintiff and class members to the same extent and in the same manner as those grants were administered previously," Pl.'s Mot. for Summ. J., ECF No. 7, at 11—would have to apply to every TPP Program grantee.  But each of the injunctions entered against Defendants in these cases imposes somewhat different

---

[1] Plaintiff's class definition does not attempt to account for grantees who have brought other cases that remain pending before this Court.  *See Choctaw Nation of Okla. v. Azar*, No. 18-cv-00971 (D.D.C. filed Apr. 25, 2018); *Child & Family Res. v. HHS*, No. 18-cv-01042 (D.D. C. filed May 2, 2018); *Hennepin County v. HHS*, No. 18-cv-01053 (D.D.C. filed May 3, 2018).

[2] *See Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 480 (8th Cir. 2016) ("Because a (b)(2) class is mandatory, the rule provides no opportunity for (b)(2) class members to opt out[.]"); *Berry v. Schulman*, 807 F.3d 600, 609, 612 (4th Cir. 2015) (citation omitted) (rejecting objectors' request to opt out of (b)(2) class on ground that opt-out is not provided by the Rule and is "unnecessary" because "the relief sought is uniform"), *cert. denied sub nom. Schulman v. LexisNexis Risk & Info. Analytics Grp., Inc.*, 137 S. Ct. 77 (2016); *Gooch v. Life Inv'rs Ins. Co. of Am.*, 672 F.3d 402, 433 (6th Cir. 2012) (holding that "class members may not opt out" of Rule 23(b)(2) certifications); *Shelton v. Bledsoe*, 775 F.3d 554, 561 (3d Cir. 2015) ("[T]here is no right to opt out from [a (b)(2)] class"); *see also Amara v. Cigna Corp.*, 775 F.3d 510, 519 (2d Cir. 2014) (Rule 23(b)(2) class members "need not be given notice and opt-out rights"); *see also* 3 *Newberg on Class Actions*, *supra*, § 9:51 ("[C]ases in which courts have enabled class members to opt out of (b)(1) or (b)(2) classes tend to be those that involve individualized monetary damages. The … *Wal-Mart* case undermines the very viability of these particular types of class actions.").

obligations.  Moreover, Defendants are evaluating whether to appeal the judgments in those actions, and so the litigation of those actions on the merits may well continue.

If the Court were to remove the carve-outs from the class definition, class certification would run afoul of the Supreme Court's admonition that "a federal court when asked to certify a nationwide class should take care to ensure that … certification of such a class would not improperly interfere with the litigation of similar issues in other judicial districts." *Califano v. Yamasaki,* 442 U.S. 682, 702 (1979).  It is "preferable to allow several courts to pass on a given class claim in order to gain the benefit of adjudication by different courts[.]" *Id.*; *cf. United States v. Mendoza*, 464 U.S. 154, 160 (1984) (disallowing nonmutual collateral estoppel against the government on ground it "would substantially thwart the development of important questions of law by freezing the first final decision rendered").  Here, one of the TPP Program cases (*King County*) remains pending on the merits.  The certification of a mandatory class before the district court in *King County* and rule would impede the ability of that court to weigh in on the legal issues presented by Plaintiff's individual and class claims.  And as noted above, Rule 23(b)(2) does not permit the carve-out of that action Plaintiff proposes.  Accordingly, Plaintiff's request for class certification under Rule 23(b)(2) should be denied.

## II.   Plaintiff's Proposed Class Definition Is Imprecise and Unduly Broad

Plaintiff's class definition suffers from two defects that, at a minimum, should be corrected before any class is certified.  First, the proposed definition suggests that HHS took the position that it had "terminated" the grants of TPP Program participants.  Pl.'s Mot. at 1 ("whose grants HHS purported to terminate or 'shorten'").  But this is inaccurate, as HHS has always maintained that its decision was not a "termination" of the TPP Program grants.  Second, the proposed class definition applies to all entities that were awarded TPP Program grants, but this

definition fails to take into account that certain TPP Program grantees may not be eligible for continuation awards for reasons other than HHS's decision or may have chosen to forego further continuation awards rather than challenge HHS's decision regarding their programs. Clarification of these points is particularly important in light of the mandatory nature of a Rule 23(b)(2) motion, which cannot allow for exceptions from the eventual relief the Court enters. In order to address these concerns, Defendant proposes the following revised class definition:

> All grantees otherwise in good standing who were awarded Teen Pregnancy Prevention Program grants by the Department of Health and Human Services ("HHS") in 2015, with five-year project periods, who accepted continuation awards for fiscal year 2017 that contained a term to "shorten" the project period to June 30, 2018, and who intend to seek continuation awards for the remaining years within their project period.

## CONCLUSION

For these reasons, Defendants respectfully request that Plaintiff's motion for class certification should be denied.

Dated: May 18, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

JESSIE K. LIU
United States Attorney

RUTH A. HARVEY
Director, Commercial Litigation Branch

JOEL McELVAIN
Assistant Branch Director, Federal Programs Branch

MICHAEL J. QUINN
Senior Litigation Counsel, Commercial Litigation Branch

/s/ *Michael J. Gerardi*
Michael J. Gerardi
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch

5

        20 Massachusetts Ave. NW, Room 7223
        Washington, D.C. 20530
        Tel: (202) 616-0680
        Fax: (202) 616-8460
        E-mail: michael.j.gerardi@usdoj.gov

        /s/ *Jonathan E. Jacobson*
        Jonathan E. Jacobson
        Alicia M. Hunt
        Trial Attorneys
        United States Department of Justice
        Civil Division, Commercial Litigation Branch
        1100 L St. NW, 10th floor
        Washington, D.C. 20005
        Tel: (202) 353-7971
        Fax: (202) 514-9163
        E-mail: jonathan.e.jacobson@usdoj.gov

        *Attorneys for Defendants*