UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| HEALTHY FUTURES OF TEXAS, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 18-CV-992 (KBJ) |
| v. | ) ) ) | |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF
MOTION FOR CLASS CERTIFICATION**

Plaintiff Healthy Futures of Texas (HFTX) has moved for certification under Federal Rule of Civil Procedure 23(b)(2) of a class consisting of all entities awarded Teen Pregnancy Prevention Program (TPPP) grants by the Department of Health and Human Services (HHS) in 2015, with five-year project periods, whose grants HHS purported to terminate or "shorten," effective June 30, 2018, excluding the plaintiffs in the following actions: *Policy and Research, LLC v. HHS*, No. 18-cv-346-KBJ (D.D.C.), *Planned Parenthood of Greater Washington and Northern Idaho v. HHS*, No. 2:18-cv-00055 (E.D. Wash.), *King County v. Azar*, No. 18-cv-00242 (W.D. Wash.), and *Healthy Teen Network v. Azar*, No. 18-cv-00468 (D. Md.).

HHS does not dispute that the proposed class satisfies the requirements of Rule 23(a). HHS argues, however, that the class cannot be certified under Rule 23(b)(2) because the proposed definition excludes TPPP grantees who filed suit in February and also because it cannot appropriately include those grantees. HHS also asks the Court to revise the class definition. These

arguments should be rejected. The Court should grant plaintiff's motion for class certification and adopt the class definition proposed by plaintiff.

## ARGUMENT

**I.     The proposed class satisfies Rule 23(b)(2).**

Federal Rule of Civil Procedure 23(b)(2) provides that a class may be certified if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." HHS does not suggest that it has not acted on grounds "that apply generally to the class." Instead, HHS tries to craft a Catch-22: It argues that a (b)(2) class *must* include all of the TPPP grantees and, at the same time, that the class *cannot* include some of the grantees. Neither horn of this purported dilemma is accurate.

HHS's argument that a class *must* include all TPPP grantees is based on the assumption that a court cannot allow opt-outs from a (b)(2) class. Putting aside the question whether that assumption is correct, *see Eubanks v. Billington*, 110 F.3d 87, 96 (D.C. Cir. 1997) (stating that district courts may "allow individual class members to opt out of a (b)(1) or (b)(2) class when necessary to facilitate the fair and efficient conduct of the litigation"), HFTX is not proposing to allow opt-outs. An opt-out refers to a class member who chooses to exclude herself from the class. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985). Here, HFTX is not proposing an opt-out class, but rather to define a class that does not include the plaintiffs in four cases. The plaintiffs in three of those cases are no longer similarly situated to HFTX and the other grantees, because their rights with respect to the agency action challenged here have been adjudicated and the relief sought here has already been granted to them. *See Califano v. Yamasaki*, 442 U.S. 682, 689, 702 (1979) (approving certification of (b)(2) class that excluded the plaintiffs in prior litigation on

similar issues). As to the fourth case, *King County v. Azar*, expedited briefing on dispositive motions for a preliminary injunction and for summary judgment was underway before this case was filed and was completed on May 4, making it likely that the plaintiff's claim will also be adjudicated before a decision in this class action.

A class that, by definition, does not include those grantees whose rights have already been adjudicated does not constitute an "opt-out" class and does not contradict the mandatory nature of the (b)(2) remedy for those in the proposed class. The cases cited by HHS (at 3 n.2) are thus inapposite. Notably, HHS does not suggest that certification of a class that excludes those grantees would present a risk of inconsistent outcomes with which the agency could not comply.

On the flip side, HHS's argument that the class *cannot* include the grantees in the four earlier-filed cases is irrelevant—because the definition does not include them. At the same time, the precedent on which HHS relies supports certification of the proposed class here. In *Califano*, the Supreme Court *affirmed* the certification of a (b)(2) class that "excluded from the class residents of Hawaii and the Eastern District of Pennsylvania, where suits raising similar issues were known to have been brought." 442 U.S. at 689. By excluding those plaintiffs, the court assured that "certification of such a class would not improperly interfere with the litigation of similar issues in other judicial districts." *Id.* at 702. Thus, the Court affirmed precisely the approach suggested by HFTX here.

HHS (at 3 n.1) suggests that the proposed definition here "fails to account for" the other cases pending before *this* Court, but HFTX has again followed the approach of *Califano*. There, the Supreme Court noted the district court's "sensitivity to ongoing litigation of the same issue in *other* districts" by excluding them from the class definition, *id.* at 702 (emphasis added), "to gain

the benefit of adjudication by different courts," *id.* This consideration, of course, does not apply to litigation proceeding in the *same* district, before the same judge.

Here, HFTX seeks uniform relief for the proposed class: an injunction setting aside the agency's termination of the TPPP grants as unlawful and ordering the agency to accept and process non-competing continuation applications. Class-wide relief is necessary and appropriate in light of HHS's programmatic decision to terminate all of the grants and the inefficiency that would result from requiring each grantee to litigate the identical issue separately, especially given the imminent June 30 funding cutoff.

## II. The class definition proposed by HFTX is appropriate.

HHS raises two objections to the class definition. Neither has merit.

First, HHS (at 4) objects to the word "terminate" in the class definition because, it argues, it did not "terminate" the grants. This Court, however, has held that HHS did "terminate" the grants. *See Policy & Research*, 2018 WL 2184449 (D.D.C. May 11, 2018). In any event, the role of the class definition is to "accurately articulate[] 'the general demarcations' of the class of individuals who are being harmed by the alleged deficiencies." *Thorpe v. District of Columbia*, 303 F.R.D. 120, 139 (D.D.C. 2014). Arguing that the definition should state "shorten" (rather than "terminate or 'shorten'"), HHS does not claim that the definition does not meet this standard. Rather, its memorandum shows that HHS understands clearly the entities that HFTX proposes to include within the class. The definition proposed by HFTX is thus appropriate.

Second, HHS (at 5) asks the Court revise the class definition to cover TPPP grantees "otherwise in good standing … who accepted continuation awards for fiscal year 2017 that contained a term to 'shorten' the project period to June 30, 2018, and who intend to seek continuation awards for the remaining years within their project period." HHS claims these

4

changes will limit the class to only those members who are eligible and interested in continuation of their grants. However, HHS's proposed language would inject subjective standards into an otherwise objective definition. Furthermore, HFTX has requested, on behalf of the class, that the Court order HHS to accept and process the non-competing continuation applications *to the same extent and in the same manner as those grants were administered previously*. The relief sought would return all class members to the place they were in before HHS took its unlawful action and does not force any class member to submit a continuation application. The relief thus addresses HHS's purported concerns.

## CONCLUSION

For the reasons described above, this Court should grant plaintiff's motion for class certification.

Dated: May 21, 2018                                                Respectfully submitted,

/s/ Sean M. Sherman
Sean M. Sherman (D.C. Bar No. 1046357)
Allison M. Zieve (D.C. Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiff and Proposed Class*